UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

Eastern District of Kentucky
FILED

NOV 2 1 2007

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CRIMINAL ACTION NO. 07-42-KSF

UNITED STATES OF AMERICA,                                                          PLAINTIFF

V.                          **PROPOSED FINDINGS OF FACT**
                            **AND RECOMMENDATION**

JAMEL DEMAR MAXBERRY,                                                          DEFENDANT

\* \* \* \* \* \*

## I. INTRODUCTION

This matter is before the court on the following *ex parte* motions of defendant Jamel Demar

Maxberry ("Maxberry"), *pro se*: (1) on August 22, 2007, Maxberry filed a notice of appeal and what

he characterized as a motion for an extension of time to appeal the sentence he received on July 26,

2007 [DE #54]; and (2) on September 14, 2007, Maxberry file a motion styled "Motion to Amend

Filed 28 U.S.C. § 2255 Pursuant to Federal Rule of Civil Procedure 15(a)" [DE #55].  Since the

foregoing motions are *ex parte*, Maxberry did not serve the United States with a copy of these

motions, and the United States has filed no response thereto.

By Order of October 4, 2007, the presiding district judge referred the foregoing motions to

the undersigned Magistrate Judge for consideration pursuant to 28 U.S.C. § 636(b)(1)(B).

## II. FACTUAL AND PROCEDURAL BACKGROUND

On March 2, 2007, a federal grand jury returned a three-count indictment against Maxberry

and co-defendant Susan Lynn Layton.  Defendant Maxberry was charged in all counts of the

indictment.  Count 1 thereof charged that on or about February 1, 2007, and continuing through on

or about February 7, 2007, Maxberry and co-defendant Susan Lynn Layton conspired to knowingly

and intentionally possess with the intent to distribute fifty grams or more of a mixture or substance

containing a detectable amount of cocaine base (crack cocaine), a Schedule II controlled substance,

and to knowingly and intentionally distribute fifty grams or more of a mixture or substance

containing a detectable amount of cocaine base (crack cocaine), a Schedule II controlled substance, all in violation of 21 U.S.C. §§ 841(a)(1), 846; Count 2 charged that on or about February 6, 2007, the defendants did knowingly and intentionally possess with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1); and Count 3 was a forfeiture count, brought pursuant to 21 U.S.C. § 853, seeking the forfeiture of $2,310.00 in United States Currency that was seized from Maxberry at the time of his arrest, by reason of the commission of the charges filed against Maxberry in Counts 1 and 2 of the indictment.

Initially, Maxberry pled not guilty to these charges, and this matter was scheduled for trial on May 1, 2007. However, prior to trial, Maxberry entered into plea negotiations with the United States, resulting in a plea agreement wherein he agreed to plead guilty to Count 1 of the indictment and agreed to the forfeiture sought in Count 3 of the indictment. His Plea Agreement was filed of record, and the court accepted his guilty plea thereto. [DE #35].

On July 26, 2007, Maxberry was sentenced and received a 70-month sentence of imprisonment on Count 1, to be followed by a five-year term of supervised release. [DE #50]. On oral motion of the United States at sentencing, Count 2 was dismissed.

### III. PENDING MOTIONS

**A.      Notice of appeal/motion for extension of time to appeal**

On August 22, 2007, Maxberry filed an eight-page, handwritten, *pro se* motion wherein he moved for an extension of time to appeal (identified within this filing as "Document 2") and also filed notice of appeal (identified within this filing as "Document 1"). [DE #54].[1] Not being served with this filing, the United States has filed no response thereto.

---

[1] The Magistrate Judge presumes that Maxberry's notice of appeal was accompanied by a motion for an extension of time to file an appeal because his notice of appeal would otherwise be untimely, as Fed.R.Crim.P. 5(b) requires a notice of appeal to be filed within ten (10) days of entry of the judgment. In this case, judgment was entered on July 26, 2007.

Upon review of Maxberry's motion for an extension of time to appeal and notice of appeal, the Magistrate Judge concludes that this combined filing should be construed as a motion filed pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence. The rationale for this conclusion is explained below:

1. Throughout the body of Maxberry's motion, he reiterates his belief that his retained counsel did not adequately represent him. For instance, he acknowledges that there was a plea bargain in his case, but he states that he does not know the terms of the plea agreement and that he did not know the terms of the plea agreement that his counsel requested him to sign. Based on these statements, it would appear that Maxberry is attempting to argue that his guilty plea was not entered voluntarily, knowingly, or intelligently.

Maxberry also claims that his counsel took advantage of him. He states that his counsel did not advise the court at sentencing that he was attending the Kingdom Purpose Program, that he had been working ever since being placed on supervised release with electronic monitoring, that he had been cooperating with the United States by disclosing information about other individuals, and that he did not challenge the position taken by the United States at sentencing that defendant had not provided any useful information. To summarize Maxberry's statements about his counsel, Maxberry seems to be asserting that he received ineffective assistance of counsel in that his counsel was more "on the government's side" in this matter than on his side. For all of these reasons, Maxberry requests a new trial and the appointment of new counsel to represent him.

2. On September 14, 2007, Maxberry filed a *pro se* motion styled "Motion to Amend Filed 28 U.S.C. § 2255 Pursuant to Federal Rule of Civil Procedure 15(a)." [DE #55]. In this motion, Maxberry refers to his motion filed on August 22, 2007, as a motion filed pursuant to 28 U.S.C. § 2255.

**B.**     **Motion to amend § 2255 motion**

On September 14, 2007, Maxberry filed a *pro se* motion styled "Motion to Amend Filed 28 U.S.C. § 2255 Pursuant to Federal Rule of Civil Procedure 15(a)." [DE #55].  Again, the United States was not served with this motion and has filed no response thereto.

Based on the fact that in this motion to amend, Maxberry refers to his motion filed on August 22, 2007, as a § 2255 motion, and that Maxberry desires to amend his § 2255 motion by also claiming that his counsel was ineffective for not filing a notice of appeal after Maxberry had requested him to do, the Magistrate Judge concludes that Maxberry's motion filed on August 22, 2007, should be construed as a motion filed pursuant to 28 U.S.C. § 2255, even though that motion made no reference whatsoever to 28 U.S.C. § 2255 and seemed to be best characterized as a motion to withdraw his guilty plea, for the appointment of new counsel, and for a new trial.  However, Maxberry's motion to amend filed on September 14, 2007, clarifies his previous motion.  Given the liberality afforded *pro se* pleadings, the Magistrate Judge concludes that Maxberry's filings should be considered as a whole to be a § 2255 motion.

Accordingly, **IT IS HEREBY RECOMMENDED** that:

1.  Maxberry's motion filed on August 22, 2007, that he characterized as a notice of appeal and a motion for an extension of time to appeal the sentence he received on July 26, 2007 [DE #54] be **CONSTRUED** as a motion to set aside, vacate, or correct sentence, filed pursuant to 28 U.S.C. § 2255.

2.  Maxberry's motion filed on September 14, 2007, styled "Motion to Amend Filed 28 U.S.C. § 2255 Pursuant to Federal Rule of Civil Procedure 15(a)" [DE #55] be **GRANTED**.

3.  That the Clerk of the Court be directed to provide the United States with a copy of the foregoing motions [DE ##54, 55], and that the United States file a response thereto within forty (40) days after receipt of same, and that this action proceed to be considered on the merits.

The Clerk of the Court shall forward a copy of this Proposed Findings of Fact and Recommendation to the respective parties who shall, within ten (10) days of receipt thereof, serve

4

and file timely written objections to the Magistrate Judge's Proposed Findings of Fact and Recommendation with the District Court or else waive the right to raise the objections in the Court of Appeals.  28 U.S.C. § 636 (b)(1)(B); Thomas v. Arn, 728 F.3d 813 (6th Cir. 1984), affirmed 474 U.S. 140 (1985); Wright v. Holbrook, 794 F.2d 1152, 1154-55 (6th Cir. 1986); Fed.R.Civ.P. 6(e). A party may file a response to another party's objections within ten (10) days after being served with a copy thereof.  Fed.R.Civ.P 72 (b).

This _21st_ day of November, 2007.

JAMES B. TODD,
UNITED STATES MAGISTRATE JUDGE