UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CRIMINAL ACTION NO. 07-42-KSF

UNITED STATES OF AMERICA,                                                          PLAINTIFF

V.                    **PROPOSED FINDINGS OF FACT
                       AND RECOMMENDATION**

JAMEL DEMAR MAXBERRY,                                                              DEFENDANT

\* \* \* \* \* \*

## I. INTRODUCTION

This matter is before the court on the construed, *pro se* motion of defendant Jamel Demar Maxberry ("Maxberry"), filed pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence. [DE ##54, 55]. This construed motion has been fully briefed and is ripe for review.

By Order of October 4, 2007, the presiding district judge referred the foregoing motions to the undersigned Magistrate Judge for consideration pursuant to 28 U.S.C. § 636(b)(1)(B).

## II. FACTUAL AND PROCEDURAL BACKGROUND

On March 2, 2007, a federal grand jury returned a three-count indictment against Maxberry and co-defendant Susan Lynn Layton. Defendant Maxberry was charged in all counts of the indictment. Count 1 thereof charged that on or about February 1, 2007, and continuing through on or about February 7, 2007, Maxberry and co-defendant Susan Lynn Layton conspired to knowingly and intentionally possess with the intent to distribute fifty grams or more of a mixture or substance containing a detectable amount of cocaine base (crack cocaine), a Schedule II controlled substance, and to knowingly and intentionally distribute fifty grams or more of a mixture or substance containing a detectable amount of cocaine base (crack cocaine), a Schedule II controlled substance, all in violation of 21 U.S.C. §§ 841(a)(1), 846; Count 2 charged that on or about February 6, 2007, the defendants did knowingly and intentionally possess with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled

substance, all in violation of 21 U.S.C. § 841(a)(1); and Count 3 was a forfeiture count, brought pursuant to 21 U.S.C. § 853, seeking the forfeiture of $2,310.00 in United States Currency that was seized from Maxberry at the time of his arrest, by reason of the commission of the charges filed against Maxberry in Counts 1 and 2 of the indictment.

Initially, Maxberry pled not guilty to these charges, and this matter was scheduled for trial on May 1, 2007. However, prior to trial, Maxberry entered into plea negotiations with the United States, resulting in a plea agreement wherein he agreed to plead guilty to Count 1 of the indictment and agreed to the forfeiture sought in Count 3 of the indictment. His Plea Agreement was filed of record, and the court accepted his guilty plea thereto. [DE #35].

On July 26, 2007, Maxberry was sentenced and received a 70-month sentence of imprisonment on Count 1, to be followed by a five-year term of supervised release. [DE #50]. On oral motion of the United States at sentencing, Count 2 was dismissed. Subsequently, on February 11, 2008, Maxberry moved for modification of his sentence under 18 U.S.C. § 3582(c)(2), pursuant to Amendment 706, which became effective November 1, 2007. [DE #66]. On March 27, 2008, the presiding district judge granted the foregoing motion [DE #66] and reduced Maxberry's sentence from 70 months to 56 months. [DE #67].

Thereafter, on April 4, 2008, Maxberry moved to terminate and/or dismiss his § 2255 motion, advising the court that with his sentence having been reduced to 56 months, he is satisfied that that sentence conforms to 18 U.S.C. § 3553(a) and that the error of trial counsel raised in his § 2255 motion has been vindicated by the court's reduction of his sentence. [DE #68].

Accordingly, **IT IS HEREBY RECOMMENDED** that (1) the motion of defendant Jamel Demar Maxberry filed on April 4, 2008 [DE #68] to terminate and/or dismiss his § 2255 motion [DE #68] be **GRANTED**; (2) the defendant's construed motion to set aside, vacate, or correct sentence, filed pursuant to 28 U.S.C. § 2255 [DE ##54, 55] be **DENIED AS MOOT**; and (3) this action be **DISMISSED** and **STRICKEN** from the docket.

The Clerk of the Court shall forward a copy of this Proposed Findings of Fact and Recommendation to the respective parties who shall, within fourteen (14) days of receipt thereof, serve and file timely written objections to the Magistrate Judge's Proposed Findings of Fact and Recommendation with the District Court or else waive the right to raise the objections in the Court of Appeals. 28 U.S.C. § 636 (b)(1)(B); Thomas v. Arn, 728 F.3d 813 (6th Cir. 1984), affirmed 474 U.S. 140 (1985); Wright v. Holbrook, 794 F.2d 1152, 1154-55 (6th Cir. 1986); Fed.R.Civ.P. 6(e). A party may file a response to another party's objections within ten (10) days after being served with a copy thereof. Fed.R.Civ.P 72 (b).

This 19th day of January, 2010.

Signed By:
James B. Todd
United States Magistrate Judge